UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

KURT J. LOWE,

    Petitioner,

v.

EDWARD PRINDLE, JAILER,[1]

    Respondent.

Civil Action No. 2: 14-178-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Kurt J. Lowe is a pre-trial detainee confined at the Boone County Jail in Burlington, Kentucky. Proceeding without an attorney, on October 9, 2014, Lowe filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], his second such petition challenging ongoing criminal proceedings against him in the Circuit Court of Boone County, Kentucky. *See Lowe v. Prindle*, No. 2: 14-104-KKC (E.D. Ky. 2014).

I

The Court must first address several preliminary matters. First, Lowe has filed a motion to waive payment of the filing fee. [R. 2] Lowe's fee motion indicates that there have been no deposits into his inmate account over the last six months, and that his inmate account balance is zero. [R. 3] The Court therefore concludes that he lacks sufficient income or asserts to pay the $5.00 filing fee, and will grant his motion to waive payment of it.

---

[1] Lowe has named the Commonwealth of Kentucky as the respondent in this proceeding. [R. 1] However, only the person with immediate custody of the petitioner is the proper respondent to a petition for a writ of habeas corpus. 28 U.S.C. §2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court will therefore substitute Boone County Jailer Edward Prindle as the respondent in this proceeding.

In the three weeks this case has been pending, Lowe has filed five motions seeking the disqualification or recusal of the judge originally assigned to this case, or transfer of this case to the undersigned as a matter related to numerous other civil actions filed by Lowe and pending before the undersigned. [R. 4, 11, 14, 18, 19] This matter has recently been transferred to the undersigned pursuant to LR 40.1(b). [R. 15] Because the relief ultimately sought by these motions has already been obtained, the Court will deny them as moot.

Lowe has also filed a "Motion to Correct an Error" [R. 5] and a "Motion for Relief" [R. 12] in which he notes that the Clerk of the Court has not mailed him confirmation notices which indicate that documents he has sent for filing have been received and docketed. This Court has previously advised Lowe that this Court does not routinely provide any litigant, even those proceeding *in forma pauperis*, with such confirmation notices. *Lowe v. Boone Co. Sheriff's Dept.*, No. 2:14-92-KKC (E.D. Ky. 2014) [R. 46 therein] Lowe's motions will therefore be denied as repetitive and frivolous.

Lowe has also filed five motions to supplement his petition. [R. 6, 7, 8, 13, 17] Because the Court has not yet required the respondent to address the claims set forth in Lowe's petition, the Court will grant the motions to permit these amendments, and will consider the substance of them when conducting its initial screening of the petition.

**II**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates

Lowe's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Lowe contends that his constitutional rights are being violated, including his rights to due process of law, equal protection under the law, and to a speedy and public trial, and that he is the victim of selective and vindictive prosecution.[2] [R. 1, p. 1] First, Lowe alleges that Boone County Attorney Bob Neace filed charges against him for alleged terroristic threatening against a state senator in retaliation for Lowe's complaints against him and other local officials at public town meetings. [R. 1, pp. 3-5; R. 6-1] Lowe contends that other individuals who had also exercised constitutionally protected rights were not similarly prosecuted.[3] Second, Lowe contends that as a result of repeated delays occasioned by numerous motions to recuse several judges, to represent himself during the proceedings, for state funding in furtherance of his defense, as well as two court-ordered competency assessments, his right to a speedy trial has been violated. [R. 1, pp. 6-16] Third, Lowe asserts that his remedies in the Kentucky court system are ineffective to protect his rights because the circuit court clerk is not docketing his notices of appeal or forwarding them to the court of appeals. [R. 1, pp. 8-9, 16-17; R. 13-1]

---

[2] Lowe is being held in the Boone County Jail facing criminal charges filed against him in *Commonwealth v. Lowe*, No. 13-CR-710 (Cir. Ct. Boone Co. 2013).

[3] While Lowe states that "other similarly situated people that hadn't exercised protected rights weren't [prosecuted]", [R. 1, p. 5] the Court assumes that he actually means that other citizens who had exercised their constitutional rights (thereby rendering them similarly situated) were not prosecuted.

A person awaiting trial on criminal charges pending in a state court may seek federal habeas relief from the state prosecution in federal court pursuant to 28 U.S.C. § 2241. *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F. 3d 804, 809 (6th Cir. 2012). This is an exception to the general rule that ordinarily a federal court will consider a defendant's challenges to the legality and constitutionality of his or her prosecution only after a full and thorough exhaustion of those claims through the state's review process, including direct appellate review and utilization of available means of collateral attack. *Id*. at 810-11 (*citing Klein v. Leis*, 548 F. 3d 425, 430 n.2 (6th Cir. 2008).

Because federal consideration of such claims before they have even been presented to the state appellate courts for review undermines, if not eviscerates, the purposes of exhaustion, permitting substantive review of such claims under the Court's federal habeas jurisdiction is appropriately limited to the truly exceptional case. *Christian v. Wellington*, 739 F. 3d 294, 297-98 (6th Cir. 2014). This is because "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner," a federal court should abstain from exercising its habeas jurisdiction under § 2241 until after the petitioner exhausts his available state court remedies by giving state courts the first opportunity to adjudicate his challenges to the propriety of the prosecution. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). § 2241 petitions seeking federal habeas relief before such state procedures have run their course are therefore typically denied without prejudice as premature. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-18 (1st Cir. 2000).

Lowe contends that early federal intervention in his criminal proceeding is warranted here because the prosecution has been pending for over a year in violation of his right to a speedy trial. The Court has previously noted that, unlike ordinary claims related to pretrial and

4

trial processes, speedy trial claims may warrant pretrial federal habeas relief, but only where the petitioner has exhausted his state court remedies with respect to that claim. Cf. *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043-44 (S.D. Ohio 2011). This Court has already once declined to entertain this speedy trial claim in light of Lowe's failure to even attempt to exhaust it in the state courts. *Lowe v. Prindle*, No. 2: 14-104-KKC (E.D. Ky. 2014) [R. 24 therein].

In his present petition, Lowe indicates that he made an oral motion for a speedy trial during his arraignment on September 16, 2013, [R. 1, p. 6], and filed a *pro se* written motion for a speedy and public trial on November 14, 2013. [R. 1-1, p. 2] However, if (as the record indicates) Lowe was represented by counsel at both times, a court could properly disregard the *pro se* filings of a party represented by counsel. A court may permit a party may proceed with counsel or without, but the party may not choose a hybrid path, relying on counsel for some tasks but asserting the right to represent themselves at others. *Cf. Antonmarchi v. Consol. Edison Co. of New York*, 678 F. Supp. 2d 235, 240 (S.D.N.Y. 2010) (*citing* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.")) In addition, Lowe offers no indication or evidence that he re-asserted his speedy trial claim in the state court since he did so nearly one year ago. It therefore appears that none of the events which Lowe now contends warrant federal habeas relief have been presented in any form to the Kentucky state courts for consideration.

Further, Lowe has not established that the Boone Circuit Court either denied his request for a speedy trial or determined that his rights to a speedy trial had not been violated. Lowe also does not indicate or provide documentation establishing that he sought relief through a state petition for habeas corpus relief under Ky. Rev. Stat. Ann. 419.020. Finally, Lowe does not

contend that he sought relief from Kentucky's appellate courts with respect to his speedy trial rights, whether by direct interlocutory appeal or by writ of mandamus.

A federal court will not lightly interject itself into ongoing state criminal proceedings. Particularly where it is plain that the petitioner has not attempted to fully utilize available state mechanisms to obtain the relief he seeks, a federal intrusion cannot be justified in light of the disruption to the state prosecution. As the Sixth Circuit has emphasized:

> Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes. This argument is especially forceful in a situation involving a speedy trial claim, because the drastic nature of the relief usually granted dismissal of the case, *Strunk v. United States*, 412 U.S. 434, 93 S. Ct. 2260, 37 L.Ed.2d 56 (1973) could not be more disruptive of pending state actions.

*Atkins*, 644 F. 2d at 546. Without a clearer indication, supported by a documents of record in the state court proceedings, which establish both that a genuine speedy trial concern is presented under the facts and that the claim has been adequately presented and squarely rejected by the state courts, the Court declines to exercise its habeas jurisdiction at this early juncture to reach the merits of the claims presented in Lowe's petition before the state courts have had the first opportunity to do so.

Accordingly, **IT IS ORDERED** that:

1. Boone County Jailer Edward Prindle is **SUBSTITUTED** for the Commonwealth of Kentucky as the respondent in this proceeding.

2. Lowe's motion to proceed *in forma pauperis* [R. 2] is **GRANTED**.

3. Lowe's Motion for Disqualification, Recusal or Reassignment [R. 4], Motion to Supplement & Compel an Order for Disqualification, Recusal or Reassignment [R. 11]; Motion

to Supplement & Compel an Order for Disqualification, Recusal or Reassignment [R. 14]; Judicial Complaint [R. 18]; and Judicial Complaint [R. 19]; are **DENIED AS MOOT**.

4. Lowe's "Motion to Correct an Error" [R. 5] and "Motion for Relief" [R. 12] are **DENIED**.

5. Lowe's motions to supplement his petition [R. 6, 7, 8, 13, 17] are **GRANTED**.

6. Lowe's petition for a writ of habeas corpus [R. 1] is **DENIED**.

7. The Court will enter a judgment contemporaneously with this order.

8. This matter is **STRICKEN** from the docket.

Dated November 3, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY